## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **K. MICHELLE MOORE,** | ) |
| | ) |
| **Plaintiff,** | )  **Civil Action File No.** |
| | ) |
| **v.** | )  _____ |
| | ) |
| **CAMDEN PROPERTY TRUST,** | ) |
| **CAMDEN VANTAGE, LLC, and** | ) |
| **FOWLER, HEIN, CHEATWOOD** | ) |
| **& WILLIAMS, P.A.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

K. Michelle Moore, as Plaintiff, files this complaint against Camden Property Trust, Camden Vantage, LLC, and Fowler, Hein, Cheatwood & Williams, P.A., and alleges as follows:

## NATURE OF ACTION

1.     This is a civil action in part under the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 through 3619 (the Act); and in part under the Georgia negligence, and abusive litigation statutes.

2.     Plaintiff alleges that Defendants Camden Property Trust ("Camden Trust") and Camden Vantage, LLC ("Camden Vantage") (collectively referred to as

"Camden"), engaged in racial and familial status discrimination at their rental property in Atlanta, Georgia, in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq., and subsequently began to retaliate against Plaintiff after she complained of the discriminatory behavior to the United States Department of Housing and Urban Development (HUD).

3.      In June 2016, Plaintiff filed a complaint for discrimination with the U.S. Department of Housing and Urban Development (HUD).  After receipt of the Complaint, Camden began retaliatory actions against Plaintiff, which included (1) seeking to not renew Plaintiff's lease, without notice; (2) filing for eviction against Plaintiff; (3) wrongfully returning rental payments to Plaintiff through the mail during the peak of the holiday season (causing unreasonable delays, and preventing Plaintiff from remitting the funds into a court registry to defeat the wrongfully obtained default judgment that Defendant secured against Plaintiff); and (4) attempting to evict Plaintiff again, by terminating Plaintiff's month-to-month lease. Additionally, Defendants induced Plaintiff's nonappearance at a dispossessory hearing in December 2016, wherein Defendants obtained a default judgment, which was subsequently set aside by the Court granting Plaintiff's Motion seeking such relief.

4.     Due to the emergent circumstances, Plaintiff has elected not to await conclusion regarding the investigation of her retaliation claims, because injunctive relief is needed prior to the investigation being concluded.   Therefore, Plaintiff brings this action for injunctive relief, pursuant to 28 U.S.C. 1651(a); negligence; abusive litigation, and damages, which include punitive damages against all Defendants.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 3612.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612.

## PARTIES

7.     Plaintiff is an individual that resides in the state of Georgia.

8.     Defendant Camden Property Trust has a principal place of business located at 11 Greenway Plaza, Ste., 2400, Houston, Texas 77046, and is the parent company of Defendant Camden Vantage, LLC, and the owner of the rental building, which contain over two hundred multi-bedroom apartments located at 180 Jackson Street, Atlanta, Georgia 30312 ("subject property").

9.     Defendant Camden Vantage, LLC is the subsidiary and operator of the subject property, and is located at 180 Jackson Street, Atlanta, Georgia 30312.

10.    Defendant Fowler, Hein, Cheatwood & Williams, P.A., is an administratively dissolved corporation, previously operating under the name of ("Fowler, Hein, Cheatwood, Passiono, & Williams, P.A."), with its principal place of business located at 2970 Clairmont Road, Ste. 220, Atlanta, Georgia 30329-4414.

**FACTS**

11.    In June 2016, Plaintiff filed a discrimination complaint with HUD ("Complaint") against Camden, based on discriminatory acts Plaintiff endured by Camden employees due to her race and familial status.

12.    After Camden was served with the Complaint, Camden, by and through Defendant Fowler, Hein, Cheatwood & Williams, P.A. ("FHCW") filed a dispossessory action against Plaintiff for nonpayment of rents, and told Plaintiff that Camden would not renew her lease.

13.    Prior to Camden being served with the Fair Housing Complaint, Camden did not provide any notice or even elude to the fact that it would not renew or it was considering not renewing, or Plaintiff was in danger of not being renewed regarding her lease agreement at the subject property.

14.     Camden began a pattern of retaliation against Plaintiff (whereby continuing some of their discriminatory practices) due to the original Fair Housing Complaint that Plaintiff initiated against them.

15.     Camden's retaliatory behavior included wrongfully refusing Plaintiff's rent, blocking Plaintiff from online access (enjoyed by other residents without minor children) to pay her rent through the rental portal.

16.     Camden has even began a pattern of treating Plaintiff differently regarding receiving notice about her lease, account, payments, etc.

17.     Currently, Camden refuses to communicate with Plaintiff about her home, repairs, payments, account, etc., as they direct the same through Defendant FHCW.

18.     Camden communicates with other residents by email and by leaving notes/notices (directly from Camden staff on Camden letterhead) on residents' doors, at their apartments.

19.     However, Defendant FHCW communicates with Plaintiff (for Camden), without care if Plaintiff actually receives the communication or notice – by depositing the communication in the U.S. mail.

20.     Despite Plaintiff putting Camden on notice regarding the frivolity of the May and October 2016 dispossessory filings, Defendants did not dismiss the same.

21.     Plaintiff was ultimately, and substantially damaged by Camden's wrongful dispossessory filings.

22.     Plaintiff had to expend money on retaining a lawyer, and had to miss time from work.

23.     Defendants have all acted with malice, they have all acted negligently, and recklessly due to Plaintiff's Fair Housing Complaint.

24.     Plaintiff suffered substantial monetary damages, which she seeks recovery for.

25.     Plaintiff suffered severe emotional distress due to Defendants' behavior.

26.     Defendants admitted that they violated the Fair Housing Act by refusing Plaintiff's rent and accepting other residents' (whom are outside of the protected class) rent under similar or same circumstances.

27.     Defendants have expressed and continue to express discriminatory statements to Plaintiff – whereby telling her she should move.

28.     Camden has exercised a pattern of raising rents extraordinarily higher for residents (which moved in after Plaintiff) that live with minor children.

29.     The pattern has pushed out the families – terminating and discontinuing their leases with Camden.

30.     On May 1, 2017, Camden demanded rent from Plaintiff at the regular rental rate.

31.     On May 3, 2017, Camden again demanded rent from Plaintiff at the regular rental rate, and ensured Plaintiff that she had until 11:59 p.m. EST to pay the outstanding balance online through the communities' rental payment center before any late payments occur.

32.     Upon relying on the May 3, 2017 communication, at 8:00 p.m., Plaintiff logged onto Camden's payment system and attempted to tender the outstanding balance by the previously-mentioned time.

33.     Plaintiff could not access the portal to make a payment.

34.     At 9:00 p.m., Plaintiff emailed the property manager – alerting him that she was blocked and could not make a payment.

35.     The following day, May 4, 2017, the property manager admitted that the office blocked Plaintiff (as it had in the past), whereby precluding her from making a timely rental payment.

36.     Camden stated that it was terminating Plaintiff's lease.

37.     No notice was given.

38.     In a letter dated March 20, 2017, Defendant FHCW stated that Camden did not do "month-to-month" leasing, thereby Plaintiff had to vacate the premises.

39.     Plaintiff's lease ended with Camden on January 9, 2017.

40.     Plaintiff had been paying timely rental payments, and Camden accepted the same from January 9, 2017 through May 1, 2017.

41.     There was no reason to terminate Plaintiff's month-to-month lease, and request for her to immediately vacate without notice, other than Defendants being told by the HUD investigator that Plaintiff contacted her on March 15, 2017, five days prior to the date of the month-to-month lease termination letter, and requested to amend her fair housing complaint to include the subsequent retaliation that Plaintiff experienced.[1]

## **REQUEST FOR RELIEF**

**Wherefore**, Plaintiff requests that this Court:

---

[1] Defendant FHCW sent in a letter, without copying Plaintiff or Plaintiff's attorney – whereby asking that HUD administratively close their investigation because Plaintiff reached a private agreement with Camden. Defendants knew the communication to HUD was false, and that Plaintiff was refusing to withdraw her complaint, and did not agree that the parties reached an agreement.

8

1.  Enjoin and restrain Defendants, pursuant to 28 U.S.C. 1651, and 28 U.S.C. 2283 from filing another dispossessory action against Plaintiff until the subject matter is heard before this Court;

2.  Award monetary damages to Plaintiff and minor pursuant to 42 U.S.C. §§ 3612 et seq.; and

3.  Order such additional relief as the interests of justice require.

May 8, 2017

　　　　　　　　　　　　　　　　　____/s/ K. Michelle Moore
　　　　　　　　　　　　　　　　　Michelle Moore
　　　　　　　　　　　　　　　　　180 Jackson Street, 7110
　　　　　　　　　　　　　　　　　Atlanta, Georgia 30312