## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KRYSTAL MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** |
| | ) | |
| **v.** | ) | **1:17-cv-01655** |
| | ) | |
| **CAMDEN PROPERTY TRUST** | ) | |
| **(D/B/A CAMDEN DEVELOPMENT, INC.)** | ) | |
| **CAMDEN VANTAGE, LLC, and** | ) | |
| **FOWLER, HEIN, CHEATWOOD** | ) | |
| **& WILLIAMS, P.A.** | ) | |
| **(F/K/A Fowler, Hein, Cheatwood,** | ) | |
| **Passiano, & Williams, P.A.)** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

Plaintiff hereby files this, her Amended Complaint against Defendants Camden Property Trust, Camden Vantage, LLC, and Fowler, Hein, Cheatwood & Williams, P.A., and alleges as follows:

## I.    INTRODUCTION

1.    Plaintiff brings this civil action for declaratory and injunctive relief and monetary damages against Defendant Camden Property Trust, d/b/a Camden Development, Inc., ("CPT"), and Defendant Camden Vantage, LLC ("Vantage"),

(collectively referred to as "Camden") under the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("the Act"), 42 U.S.C. §§ 3601 through 3631.

Camden has discriminated against Plaintiff on the basis of race and familial status, by imposing different rental terms, making discriminatory statements that the property was "not suitable for persons with small children," and by applying unwarranted penalties, charges and fees to Plaintiff's account.

Further, Camden has retaliated against Plaintiff in violation of 42 U.S.C. § 3617, and O.C.G.A. § 9-11-11.1, by filing for eviction against Plaintiff, after being serviced (or acquiring knowledge of the same) with Plaintiff's Fair Housing Complaint, by denying Plaintiff a lease renewal and without requisite notice of the same, because Plaintiff chose to exercise her rights to seek governmental redress for Camden's discriminatory and retaliatory practices, and by terminating Plaintiff's tenancy after she attempted to amend her Fair Housing Complaint, and subsequently filed another Fair Housing Complaint.

Camden, has also interfered with Plaintiff's free exercise of her rights, in violation of 42 U.S.C. 3617, by unilaterally, and without knowledge and/or consent from Plaintiff seeking to close Plaintiff's HUD Fair Housing Complaint.

2.     Plaintiff brings this action seeking monetary damages for trespass, interference with exclusive possession of leased premises, breach of contract, and negligent hiring and retention of its employees (Amanda Socciarelli and Ashley Sinclair).

3.     Last, Plaintiff brings this action against Camden and Fowler, Hein, Cheatwood & Williams, P.A. ("FHCW") seeking monetary damages for abusive litigation and intentional infliction of emotional distress.

## II.    JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action and may grant the relief sought herein pursuant to:   28 U.S.C. § 1331; 28 U.S.C. § 1367;  28 U.S.C. §§ 2201(a) and 2202; 28 U.S.C. § 2283; and 42 U.S.C. § 3613.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property that is the subject of the action is situated.

## III.   PARTIES

6.     Plaintiff is an individual that resides in the state of Georgia.

7.      Defendant Camden Property Trust is a Delaware corporation with its principal place of business in Houston, Texas, located at 11 Greenway Plaza, Ste., 2400.

8.      Defendant Camden Property Trust is the parent company of Defendant Camden Vantage, LLC, and the owner of the rental building, which contains over two hundred multi-bedroom apartments located at 180 Jackson Street, Atlanta, Georgia 30312 ("subject property").

9.      Defendant Camden Vantage, LLC is the subsidiary and operator of the subject property, and is located at 180 Jackson Street, Atlanta, Georgia 30312.

10.      Defendant Fowler, Hein, Cheatwood & Williams, P.A., is an administratively dissolved corporation, previously operating under the name of ("Fowler, Hein, Cheatwood, Passiono, & Williams, P.A."), with its principal place of business located at 2970 Clairmont Road, Ste. 220, Atlanta, Georgia 30329-4414.

## IV.   FACTUAL ALLEGATIONS

11.      Camden discriminated against Plaintiff by assessing unwarranted fees, by establishing, maintaining and condoning a pattern of wrongfully refusing Plaintiff's rental payments and by discontinuing Plaintiff's tenancy because of Plaintiff's race and familial status, in violation of the Fair Housing Act.

4

## A. <u>Subject Property and Protected Class Plaintiff</u>

12.    Camden Vantage, LLC ("Camden Vantage") owned and operated by Camden Property Trust ("CPT").

13.    Camden Vantage manages the subject property, which is a large apartment complex that has approximately 200 units, and is located at 180 Jackson Street, Atlanta, Georgia 30312.

14.    At all relevant times, the subject property consisted of predominately white, college students, and/or single persons of nonminority descent without minor children.

15.    Plaintiff belongs to a class of persons whom the Fair Housing Act ("the Act") as amended, protects from unlawful discrimination because of race and familial status.

## B. <u>Initial Lease</u>

16.    On or around October 2015, Plaintiff entered into a lease with Camden Development, Inc.

17.    Approximately a month after Plaintiff's lease began, Camden hired Amanda Socciarelli ("Ms. Socciarelli").

18.    Ms. Socciarelli is of nonminority descent.

19.     After Ms. Socciarelli was hired, Plaintiff began to experience unwarranted fees, excessive penalties, and being wrongfully blocked from the online resident portal, which allows for electronic rental payments.

20.     At all relevant times, Ashley Sinclair acted as the Assistant Manager for Camden Vantage.

21.     As the Assistant Manager, Ms. Sinclair controls the property's online resident access, and assesses charges and fees to Camden Vantage residents, with the approval of Ms. Socciarelli.

22.     Ms. Sinclair is of nonminority descent.

**C. Discrimination by assessing unwarranted fees, penalties, and refusal to accept rent**

23.     From approximately November 2015, through the current date, Camden has discriminated against Plaintiff by assessing unwarranted fees and penalties in hopes that she will not pay them or cannot pay them.

24.     Camden assessed the unwarranted fees and penalties against Plaintiff due to her race and familial status.

25.     Camden established a pattern of wrongfully refusing and a pattern of returning Plaintiff's rental payments in a manner that was overtly discriminatory, different from the treatment of Camden's nonminority residents, which was meant to harass, cause hardship and delay to Plaintiff.

26.    One such occurrence occurred approximately on April 3, 2016, wherein Plaintiff tendered over fourteen hundred dollars ($1,400.00) in certified funds (money orders), and one check in the amount of One Hundred twenty-one dollars ($121.00) prior to the leasing office closing.

27.    Camden, through Ashley Sinclair, emailed and rejected Plaintiff's rental payment due to it being tendered in "two different forms of payment."

28.    Ms. Sinclair stated (1) that she was still in possession of the certified funds; (2) that Plaintiff's certified funds would remain in the office until the business reopened and the money was retrieved; and (3) that Plaintiff was still responsible for tendering the full rent payment, (again), prior to midnight to avoid late fees and other charges, despite Camden being in possession of certified funds, which totaled in excess of Plaintiff's rental rate.

29.    From approximately November 2015 through present day, Camden has assessed unwarranted fees and charges to Plaintiff's account trying to induce her to move, or seek an eviction by rejecting her rent, and stating to Plaintiff that Camden did not assess partial payments, therefore Camden would not accept any payment without the full balance being remitted at one time.

30.    However, on November 30, 2016, Camden management put out a letter regarding partial payments.

31.     Camden did not provide the letter to every resident in the community.

32.     Plaintiff was not provided a copy of the November 30, 2016 partial payments letter.

33.     The November 30, 2016 partial payments letter stated in pertinent part: "[Camden] understand[s] that in the past partial payments ***have been accepted*** for rent." (emphasis added).  And Camden concluded the letter by stating "[Camden] will only accept payments in full starting with January's rent," whereby meaning the beginning of 2017.

34.     On or around November 30, 2016, Camden admitted, through the partial payment letter and other statements made by management that it initiated and allowed a policy that was not uniform to all residents and that was being distributed in a discriminatory manner, as the same was not complying with the Fair Housing Act.

35.     The acceptance of partial payments, largely did not apply to either (1) African American residents; and (2) residents with minor children.

36.     Henceforth, Camden applied different rental terms and allowed for benefits based on race and familial status.

37.    Thus, Camden wrongfully rejected Plaintiff's rent to initiate the May 2016 and the October 10, 2017 dispossessory proceedings, and also wrongfully assessed late fees to Plaintiff's account.

### D. Fair Housing Complaints

38.    In June 2016, Plaintiff initiated a Fair Housing Complaint with the U.S. Department of Housing and Urban Development ("HUD Fair Housing Complaint").

39.    Camden was served with Plaintiff's Fair Housing Complaint at the beginning of October 2016.

### E. Retaliatory Acts by Camden[1]

40.    Camden began a pattern of retaliatory acts against Plaintiff after it received knowledge of Plaintiff's HUD Fair Housing Complaint, Plaintiff seeking to amend her HUD Fair Housing Complaint, and initiating another Fair Housing Complaint based on past, present and ongoing retaliation.

41.    Camden had knowledge of Plaintiff's initial HUD Fair Housing Complaint prior to being served with the same.

---

[1] In comporting with notice pleading, Plaintiff provides details of some, but not an exhaustive list and description of all acts taken in retaliation against Plaintiff by Camden.

42.     In or around October 7, 2016, Plaintiff had a discussion with Camden Management, alerting them of the continued complained about issues, which included discriminatory and retaliatory treatment by Ms. Socciarelli and Ms. Sinclair, and of Plaintiff's initiation of a Fair Housing Complaint.

43.     Within minutes of the discussion on October 7, 2016, Ms. Socciarelli immediately reacted to Plaintiff's news regarding the initiation of the Fair Housing Complaint, and wrongfully refused Plaintiff's rent.

44.     Subsequently, Ms. Sinclair reacted by wrongfully rejecting Plaintiff's tendered rent.

45.     In reaction to, and in retaliation for Plaintiff's Fair Housing Complaint, Camden filed a dispossessory proceeding against Plaintiff, seeking to evict her, in violation of 42 U.S.C. § 3617.

46.     On March 15, 2017, Plaintiff contacted the HUD investigator and sought to amend her HUD Fair Housing Complaint to include past and ongoing retaliation.

47.     Five (5) days later, and in direct reaction to the same, Fowler, Hein, Cheatwood & Williams, P.A. ("FHCW") wrote a letter on March 20, 2017, advising Plaintiff that Camden was terminating her tenancy, and she was required to vacate within thirty (30) days.

48.    Through the March 20, 2017 letter, FHCW stated Camden was terminating Plaintiff's tenancy because Camden "does not do month-to-month" renting.

49.    The reason Camden gave for seeking to terminate Plaintiff's tenancy was pretext.

50.    Camden had no reason to terminate Plaintiff's tenancy outside of Plaintiff seeking to exercise her rights under the Fair Housing Act to complain about Camden's retaliatory treatment.

51.    In or around the end of April 2017, Plaintiff initiated a second Fair Housing Complaint against Camden, based on its past, and continued retaliation.

52.    On May 8, 2017, Plaintiff filed the instant cause of action, and emailed a copy of the same to Mr. J. Mike Williams of FHCW, and Camden management requesting whether the parties would acknowledge receipt of the Complaint.

53.    Neither party replied.

54.    On May 9, 2017, one day later, Camden filed another dispossessory proceeding against Plaintiff.

55.    The May 9, 2017 dispossessory seeks possession on the basis that Plaintiff holds the premises over its term.

56.    The May 9, 2017 dispossessory filing is retaliatory.

57.     Camden Vantage manages over 200 rental units, and it has never filed for a dispossessory against a tenant for being a "holdover tenant."

58.     Plaintiff maintains that:

(1) she is not a holdover tenant;

(2) she has always been entitled to a lease renewal that was not subject to any other condition regarding her Fair Housing claims;

(3) Camden stating that it would not renew Plaintiff's lease after being served with the HUD fair housing complaint, without giving the requisite sixty day notice or any other indication of a possible nonrenewal was retaliatory; and

(4) Camden is unable to use retaliatory means as leverage to procure a dismissal of a Fair Housing Complaint.

### F. Prior Litigation and Alleged Agreements

59.     After discovering Plaintiff filed the HUD Fair Housing Complaint, Camden began to act retaliatory and in bad faith.

60.     On December 15, 2016, Plaintiff entered into an agreement with Camden, wherein Camden agreed to go to court and dismiss the October 10, 2016 dispossessory case against Plaintiff and Camden would accept the previous wrongfully rejected rent.

61.     On December 15, 2016, at Camden's request, Plaintiff re-tendered over Four Thousand Dollars ($4,000) of wrongfully rejected rent to Camden, at its office by 12:00 p.m.

62.     Camden (and FHCW) promised to go to court and announce the matter settled, dismiss the dispossessory action, and Plaintiff's attendance was not needed for the same.

63.     However, on December 15, 2016, FHCW counsel, moved for a default judgment against Plaintiff for her failure to appear at the hearing.

64.      After the Court granted Camden a default judgment, Ms. Sinclair mailed the money that Plaintiff tendered earlier that day back to her.

65.     Camden made no communication to Plaintiff regarding any change of posture, before or after the December 15, 2016 hearing.

66.     As soon as Plaintiff was alerted of the default judgment, Plaintiff filed an emergency motion to set aside the same.

67.     Camden subsequently applied for a writ of possession, and made false statements to Plaintiff, which included but was not limited to false statements about the writ and posture of the case, which resulted in a signing of a second agreement.

68.     The "second agreement" is not binding between the parties.

69.     The second agreement is void as against public policy.

70.    Camden secured Plaintiff's signature on the second agreement by fraud, misrepresentation, duress, and mistake.

71.    After a hearing in court, and after the Magistrate Judge considered Plaintiff's Motion and evidence, the Magistrate Judge granted Plaintiff's relief, whereby concluding that the parties entered into a binding agreement on December 15, 2016 (the first agreement), the day that Camden moved for a default judgment against Plaintiff, whereby breaching the same.

72.    Camden breached the first agreement between the parties.

73.    Therefore, Camden's breach alleviated Plaintiff's duty to perform under the contract.

## G. Interference with Fair Housing Complaint

74.     Both Camden and FHCW sought to interfere with Plaintiff's freedom to exercise her right to complain about discriminatory treatment by the above retaliatory measures, but also by making *ex parte*, false and misleading statements to HUD, which induced the Department to close Plaintiff's fair housing complaint.

75.    On or about January 24, 2017, FHCW wrote HUD requesting that the Department close Plaintiff's Complaint.

76.    Plaintiff had no knowledge of the communication that Mr. J. Mike Williams (of FHCW) wrote to HUD.

77.   Plaintiff did not consent to dismissing her HUD Fair Housing Complaint.

78.   FHCW knew that Plaintiff was not going to dismiss her HUD Fair Housing Complaint and that Plaintiff desired to pursue the same, after Camden's multiple breaches.

79.   Plaintiff was also going to continue to pursue her HUD Fair Housing Complaint because Plaintiff could not in any terms state that she would be dismissing the same "willingly, knowingly, and voluntarily."

80.   Moreover, all Defendants knew that the parties did not have any binding agreement, or to the extent, that the same was breached by Camden, therefore Plaintiff was not obligated to perform, and she was electing not to perform.

81.   From December 2016 to March 2017, Plaintiff tried to reach the HUD investigator to continue pursuing her complaint.

82.   However, Plaintiff found out months after Mr. Williams' letter, that HUD closed Plaintiff's fair housing complaint after receiving correspondence from Mr. Williams.

83.   HUD erroneously thought that Mr. Williams was given permission by Plaintiff to send the letter, or that Plaintiff knew about Mr. Williams' writing the letter and ratified the same.

## V.   CLAIMS FOR RELIEF

### Count I:  Violation of the Fair Housing Act
### (Camden Property Trust and Camden Vantage, LLC)

84.   The allegations listed above are incorporated herein by reference.

85.   Camden Property Trust and Camden Vantage's actions described above constitute:

a.  Discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of race and/or familial status, in violation of 42 U.S.C. § 3604(b).

b.  Interference with the rights of persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3604.

### Count III:  Interference with Fair Housing Complainant's Exercise of Rights
### (FHCW)

86.   The allegations listed above are incorporated herein by reference.

87.   Fowler, Hein, Cheatwood & Williams, P.A.'s actions described above were false, malicious, intentional, reckless, and knowingly, and constituted:

a.  Interference with the rights of persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3604.

## Count IV:  Declaratory Judgment – Lease Renewal and Denial of the Same
### (Camden Property Trust and Camden Vantage, LLC)

88.    The allegations listed above are incorporated herein by reference.

89.    Plaintiff hereby requests declaratory relief from this Court regarding Plaintiff's lease renewal at Camden Vantage, and that the following is declared:

a.  That Plaintiff's initial lease ended January 9, 2017.

b.  That pursuant to Plaintiff's lease with Camden the subject property was required to give sixty (60) days written notice if it was not going to renew Plaintiff's initial lease.

c.  That Camden did not provide any written notice to Plaintiff on or prior to November 8, 2016, which would have constituted sixty (60) days from the end of Plaintiff's lease term, regarding discontinuing or not renewing Plaintiff's lease.

d.  That Camden did not warn, hint, or even elude to the fact that it would not renew Plaintiff's lease prior to being served with or finding out about Plaintiff's Fair Housing Complaint.

17

e.  That without such notice, Plaintiff was entitled to renew her lease.

f.  That Camden stating it would not renew Plaintiff's lease was retaliatory, in violation of the Fair Housing Act.

g.  That Camden stating that it would not renew Plaintiff's lease in violation of the Fair Housing Act, Title 42 section 3617, to get Plaintiff to dismiss her Fair Housing Complaint was also an interference with Plaintiff's rights, and direct violation of Title 42 section 3617, and O.C.G.A. § 9-11-11.1

h.  That Camden's reasoning for stating it would not renew Plaintiff's lease was pretext.

i.  That Camden refused and continues to refuse Plaintiff to renew her lease without it being subject to not pursuing a Fair Housing Complaint against it, in direct violation of 42 U.S.C. § 3617.

j.  That Plaintiff should be allowed to renew her lease without the same being subject to any purported settlement agreement regarding dismissal of her Fair Housing claims.

k.  That Plaintiff is entitled to enjoy the leased premised until her new lease expires, at the current rental rate.

l.  That after Plaintiff complained about discriminatory treatment it offered a lease at a renewal rate that was almost twice as the average monthly rent for the unit, and that the unfair increase was in violation of the Fair Housing Act.

## Count V:  Declaratory Judgment – Prior Agreements are not enforceable
### (All Defendants)

90.  The allegations listed above are incorporated herein by reference.

91.  Plaintiff seeks for this Court to enter an order declaring that either:

   a.  The parties are not bound by any of the prior agreements because:

      i.  The first agreement was superseded by the second agreement, and

      ii.  the second agreement is void, as against public policy, and/or voidable, as procured by duress, mistake, fraud, and/or misrepresentation induced by Camden and FHCW.

   b.  The parties are not bound by either agreement, as it was previously adjudicated in the Magistrate Court (by way of granting Plaintiff's Motion to Set Aside):

      i.  that the first agreement entered into was binding between the parties; and

ii. there was no intent to enter into a subsequent agreement, or a meeting of the minds, as the same was not entered into knowingly, voluntarily and freely.

iii. Further, Camden's breach of contract by failing to dismiss the October 10, 2016 dispossessory, and move for a default judgment relieved Plaintiff of her duties to perform under the same.

92.     In conjunction with, Plaintiff seeks for the Court to enter an Order along with declaring that no enforceable agreement exists between the parties, that regardless of any "settlement agreement," that Plaintiff was entitled to renew her lease, absent a sixty (60) day written notice, and a nondiscriminatory reason for terminating Plaintiff's tenancy.

93.     Further, Plaintiff seeks for the Court to declare that Camden violated section 3617 of the Fair Housing Act when it sought to non-renew Plaintiff's lease after it was served with the Fair Housing Act, with less than sixty (60) days remaining in Plaintiff's lease with Defendant.

## Count VI:  Abusive Litigation
### (All Defendants)

94.     The allegations listed above are incorporated herein by reference.

95.     Defendants instituted the May 2016, the October 2016, and the May 2017 dispossessory actions with malice and without substantial justification.

96.     Pursuant to O.C.G.A. § 51-7-84, Plaintiff put Defendants on notice regarding each proceeding, and Defendants failed to immediately dismiss all of the previously filed cases.

97.     Defendants caused harm and damaged Plaintiff by initiating the multiple civil proceedings.

98.     Plaintiff had to retain counsel, pay attorney's fees, pay filing fees, and missed time from work.

99.     Camden initiated the proceedings for improper, discriminatory and retaliatory reasons, and continued the same to harass Plaintiff in an effort to cause her to vacate.

100.    Plaintiff's reputation has been harmed by the filings, and has been personally humiliated by the malicious proceedings.

101.    Plaintiff seeks an award of damages pursuant to O.C.G.A. § 51-7-80, et. seq., as the filings initiated by Camden were frivolous, sought for discriminatory, and retaliatory purposes in an effort to suppress Plaintiff's speech and right to petition government for redress.

## Count VII:  Trespass / intentional interference with Exclusive Possession
### (Camden Property Trust and Camden Vantage, LLC)

102.    The allegations listed above are incorporated herein by reference.

103.    On or around January 2016 and May or June 2016, Ms. Socciarelli entered Plaintiff's home without notice, without a legitimate business purpose, and refused to leave.

104.    Plaintiff made maintenance requests in January 2016 and June 2016. Both times, Ms. Socciarelli appeared at Plaintiff's apartment, entered the unit, and refused to leave – stating that she wanted to "talk" to Plaintiff.

105.    Ms. Socciarelli intentionally entered Plaintiff's leased apartment and refused to leave to be an annoyance to Plaintiff.

106.    Ms. Socciarelli committed the tort of trespass both times, as she had no legitimate business purpose to enter the leased space, she intentionally entered the space, and she failed and refused to leave when asked.

107.    Plaintiff complained to upper management about Ms. Socciarelli's behavior.  The same was ignored.

108.    Plaintiff seeks damages for Camden's interference with Plaintiff's exclusive possession of the leased premises.

## Count VIII:  Intentional Infliction of Emotional Distress
### (All Defendants)

109.    The allegations listed above are incorporated herein by reference.

110.    Defendants intentionally and/or acted with reckless disregard.

111.    Defendants caused Plaintiff severe emotional distress when they retaliated against Plaintiff for exercising her right to speech, by continually telling Plaintiff to move because of her race and familial status, by filing the dispossessory actions, by not renewing Plaintiff's lease, by requiring Plaintiff to move with less than thirty days notice during the holiday season, by not providing Plaintiff with the requisite notice regarding her lease non-renewal, by inducing Plaintiff's nonappearance causing a default to be entered at the December 15, 2016 dispossessory hearing, and by seeking a writ of possession of Plaintiff's apartment, and sending over $4,500.00 of Plaintiff's funds through regular mail during the holiday season.

112.    Plaintiff seeks an award of damages regarding the same, including punitive and compensatory dames.

## IX.  Jury Demand

113.     Plaintiff hereby requests a trial by jury.

## <u>REQUEST FOR RELIEF</u>

**Wherefore**, Plaintiff requests that this Court:

1. Enjoin and restrain Defendants, pursuant to 28 U.S.C. 1651, and 28 U.S.C. 2283 from filing another dispossessory action against Plaintiff until the subject matter is heard before this Court;

2. Award monetary damages to Plaintiff, which include, but are not limited to punitive, compensatory; and

3. Order such additional relief as the interests of justice require.

    Respectfully submitted this 21st Day of May, 2017.

                    By:      /s/ Krystal M. Moore
                             Krystal M. Moore
                             P.O. Box 55012
                             Atlanta, Georgia 30308
                             Tel: (404) 423-4272
                             Email: Krystal@attymoore.com

**<u>CERTIFICATION OF TYPEFACE COMPLIANCE</u>**

Pursuant to LR 7.1(D), NDGa., Plaintiff hereby certifies that this Amended Complaint has been prepared with one of the font and point selections approved by the Court in LR 5.1(C), NDGa.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **KRYSTAL MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** |
| | ) | |
| **v.** | ) | **1:17-cv-01655** |
| | ) | |
| **CAMDEN PROPERTY TRUST** | ) | |
| **(D/B/A CAMDEN DEVELOPMENT, INC.)** | ) | |
| **CAMDEN VANTAGE, LLC, and** | ) | |
| **FOWLER, HEIN, CHEATWOOD** | ) | |
| **& WILLIAMS, P.A.** | ) | |
| **(F/K/A Fowler, Hein, Cheatwood,** | ) | |
| **Passiano, & Williams, P.A.)** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served upon all parties, and counsel of record the foregoing Amended Complaint by placing the same in the U.S. Mail with adequate postage affixed to the same to the following:

Camden Property Trust
c/o Capital Corporate Services, Inc.
3675 Crestwood Pkwy, N.W., Ste. 350
Duluth, Georgia 30096

Camden Vantage LLC
c/o Capital Corporate Services, Inc.
3675 Crestwood Pkwy, N.W., Ste. 350
Duluth, Georgia 30096


Fowler, Hein, Cheatwood & Williams, P.A.
(f/k/a:  Fowler, Hein, Cheatwood, Passiano & Williams, P.A.)
2970 Clairmont Road, Ste. 220
Atlanta, Georgia 30329-4414


Dated:   May 21, 2017


By:      /s/ Krystal M. Moore
         Krystal M. Moore
         P.O. Box 55012
         Atlanta, Georgia 30308
         Tel: (404) 423-4272
         Email: Krystal@attymoore.com