# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KRYSTAL MOORE, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>CAMDEN PROPERTY TRUST D/B/A )<br>CAMDEN DEVELOPMENT, INC.; )<br>CAMDEN VANTAGE, LLC; and )<br>FOWLER, HEIN, CHEATWOOD & )<br>WILLIAMS, P.A. ) | CIVIL ACTION FILE<br>NO. 1:17-CV-01655-ELR |

## DEFENDANT FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(4) AND (5)

COMES NOW Defendant Fowler, Hein, Cheatwood & Williams ("FHCW"), and files this Motion to Dismiss Plaintiff's Amended Complaint[1] pursuant to Fed. R. Civ. P. 12(b)(4) and (5), as the summons is substantially deficient and as Plaintiff has failed to show service was proper. FHCW shows the Court that no summons has been issued by the clerk in accordance with Fed. R. Civ. P. 4(a)(1), and that Plaintiff has not properly served the Complaint or Amended Complaint.

---

[1] Plaintiff filed her Original Complaint on May 8, 2017, and she filed her Amended Complaint on May 21, 2017, before any defendants had an opportunity to file an Answer or other defensive pleadings. Camden is treating the Original Complaint as abandoned. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)

1

This motion is based upon the pleadings filed in this in the case, the attached brief in support of FHCW's motion, and all exhibits properly attached thereto.

WHEREFORE, FHCW respectfully that its motion be GRANTED and that FHCW be dismissed from this case.

Respectfully submitted this 1st day of June, 2017.

                                                **FOWLER, HEIN, CHEATWOOD & WILLIAMS**

                                                /s/ J. Mike Williams
                                                J. Mike Williams
                                                Attorney for Defendants
                                                State Bar No. 765209

                                                /s/ Justin Kreindel
                                                Justin Kreindel
                                                Attorney for Defendants
                                                State Bar No.  550128

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
Phone: 404-633-5114
Fax: 404-325-9721
mwilliams@apartmentlaw.com
jkreindel@apartmentlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KRYSTAL MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:17-CV-01655-ELR |
| CAMDEN PROPERTY TRUST D/B/A ) | |
| CAMDEN DEVELOPMENT, INC.; ) | |
| CAMDEN VANTAGE, LLC; and ) | |
| FOWLER, HEIN, CHEATWOOD & ) | |
| WILLIAMS, P.A. ) | |

## DEFENDANT FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(4) AND (5)

COMES NOW Defendant Fowler, Hein, Cheatwood & Williams, P.A. ("FHCW"), and files this Brief in Support of Its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(4) and (5), showing the Court as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Krystal Moore ("Moore") filed the instant action on May 8, 2017, alleging violations of the Fair Housing Act by the Defendants. Pl.'s Compl. (ECF No. 1). Moore filed an Amended Complaint on May 21, 2017, adding several

3

additional causes of action against FHCW, including causes of action arising under state law, such as intentional infliction of emotional distress and abusive litigation, that were not asserted in the original complaint. Pl.'s Amended Compl. (ECF No. 3).

Moore had originally requested that FHCW waive service of the summons as provided for under Fed. R. Civ. P. 4(d). See Pl.s' Mot. For *Ex Parte* Restraining Order (ECF No. 4-1), p. 4. However, rather than wait the requisite 30 days to allow FHCW appropriate time to return the waiver of summons form, Moore instead attempted personal service only a few days later, on May 11, 2017, by having an unidentified adult female deliver a copy of the defective summons and complaint upon FHCW's managing partner, J. Mike Williams, Esq.[2] It was this service attempt which contained the defective summons. The summons served with the original complaint on May 11, 2017, was unsigned by the clerk and did not bear the court's seal. Attached as Exhibit A is a true and correct copy of the summons included with the service copy of the original complaint. As evidenced by the docket in this matter, Moore has not filed an entry of service showing who served the original complaint. Moore has also failed to properly serve the Amended

---

[2] Upon placing the service package into Mr. Williams' hands, the server stated, "you've been served."

Complaint, which is alleged to have been served only by U.S. Mail and not in the manner required by Fed. R. Civ. P. 4. *See* Pl.'s Amended Compl., Cert. of Service.

## ARGUMENT AND CITATION TO AUTHORITY

### I. A proper summons was never issued or served upon FHCW, thereby depriving the Court of jurisdiction

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Fed. R. Civ. P. 4(a) recites the required elements of a summons to be proper:

> **(a) Contents; Amendments.**
> **(1)** *Contents.* A summons must:
> **(A)** name the court and the parties;
> **(B)** be directed to the defendant;
> **(C)** state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
> **(D)** state the time within which the defendant must appear and defend;
> **(E)** notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> **(F)** be signed by the clerk; and
> **(G)** bear the court's seal.

Fed. R. Civ. P. 4(a). "A party objecting the sufficiency of process under Rule 12(b)(4) must identify substantive deficiencies in the summons, complaint, or

accompanying documentation." *Fly Brazil Group, Inc. v. The Government of Gabon, Africa*, 709 F.Supp.2d 1274, 1279 (S.D.Fla. 2010) (internal citations omitted).

Here, it does not appear that a summons was even properly issued in the first place, as it appears to have been issued by Moore herself and not presented to the Clerk. The summons attached to the service copy of the original complaint did not bear the clerk's signature or the seal of the court. Thus, this is a not simply a case of a technical defect, where, e.g., the name of the defendant is not stated correctly, or where it was missing the return date for answering the complaint, both of which can be amended without dismissing the complaint. *See e.g. Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 900 (11th Cir. 1990); *see also U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F.Supp.2d 1049, 1053 (N.D.Cal. 2001). This is case where a summons was never even issued by the Court, but rather by the Plaintiff herself. "A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. Under Rule 4(b) only the clerk may issue the summons ... [A] summons issued by the plaintiff's attorney is a nullity."); *King v. City of Waycross, Ga.*, 2015 WL 1525251 at *4 (S.D. Ga. 2015) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d. Cir.1996))(internal citations omitted). "Failure to have a summons signed by a

clerk is a serious deficiency which cannot be overlooked ... An unsigned summons demonstrates a flagrant disregard for the rules of procedure and suggests that the summons was issued by a plaintiff and not the court Clerk." *King*, at *4. The Court in *King* refused to allow plaintiffs there the opportunity to amend the summons, holding, "This is not a mere technical defect, like spelling a name wrong or forgetting to include a return date. In light of the seriousness of the defect, and the total lack of cause for Plaintiffs' failure to effect proper service within the time limit required by the Rules, the [Defendant's] Motion to Dismiss is GRANTED without prejudice." *Id.* at *5.

Because no summons issued and because FHCW has never been served with a summons, both the original complaint and amended complaint are subject to dismissal without prejudice. Moore is a licensed attorney and should not be provided any leniency otherwise provided to *pro se* litigants.

**II.     Moore did not properly serve the Amended Complaint.**

Service and process are also defective with regard to the Amended Complaint. Fed. R. Civ. P. 4(c) requires the summons to be served with a copy of the Complaint. Since the original summons was entirely defective, and since the Amended Complaint did not contain a new, proper summons, there has been no proper service of the Amended Complaint, as the Court did not acquire jurisdiction

7

over FHCW in the first place due to the defective summons. *See Omni Capital Intern., Ltd., supra.*

Second, Moore has also completely failed to serve the Amended Complaint at all. While the certificate of service states that it was served via U.S. Mail, FHCW has yet to receive a service copy, despite it being allegedly served on May 21, 2017. FHCW only learned of the existence of the Amended Complaint after logging into PACER to view the case history. "Actual notice of a suit does not dispose of the requirements of service of process." *Boston v. Potter*, 185 Fed.Appx. 853, 854 (11th Cir. 2006). However, even if Moore had actually mailed the Amended Complaint as stated in the certificate of service, such service would have still been improper due to the material defect in the original summons. *See Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 694 (S.D.Fla. 2015) (holding service of second amended complaint upon the defendant by the Court's CM/ECF system was improper because of plaintiff's failure to properly serve that defendant with a summons, which was substantially defective).

## **CONCLUSION**

It is clear that the summons in this matter is substantively and materially defective, and that therefore, the Court does not have jurisdiction over FHCW.

Accordingly, FHCW respectfully requests that the Court GRANT its Motion to Dismiss.

This 1st day of June, 2017.

                                      **FOWLER, HEIN, CHEATWOOD & WILLIAMS**

                                      /s/ J. Mike Williams
                                      J. Mike Williams
                                      Attorney for Defendants
                                      State Bar No. 765209

                                      /s/ Justin Kreindel
                                      Justin Kreindel
                                      Attorney for Defendants
                                      State Bar No.  550128

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
Phone: 404-633-5114
Fax: 404-325-9721
mwilliams@apartmentlaw.com
jkreindel@apartmentlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KRYSTAL MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:17-CV-01655-ELR |
| CAMDEN PROPERTY TRUST D/B/A ) | |
| CAMDEN DEVELOPMENT, INC.; ) | |
| CAMDEN VANTAGE, LLC; and ) | |
| FOWLER, HEIN, CHEATWOOD & ) | |
| WILLIAMS, P.A. ) | |

**CERTIFICATE OF FONT SIZE**

I hereby certify that the foregoing Defendants motion to dismiss has been prepared in 14 Times New Roman font as permitted by Local Rule 5.1c.

Respectfully submitted this 1st day of June, 2017.

                                        /s/ Justin D. Kreindel
                                        Justin D. Kreindel
                                        Attorney for Defendants
                                        State Bar No. 550128

Fowler, Hein, Cheatwood & Williams, P.A.
2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
404-633-5114
jkreindel@apartmentlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRYSTAL MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:17-CV-01655-ELR |
| CAMDEN PROPERTY TRUST D/B/A ) | |
| CAMDEN DEVELOPMENT, INC.; ) | |
| CAMDEN VANTAGE, LLC; and ) | |
| FOWLER, HEIN, CHEATWOOD & ) | |
| WILLIAMS, P.A. ) | |

**CERTIFICATE OF SERVICE**

This is to certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Krystal M. Moore
krystal@attymoore.com

This 1st day of June, 2017.

/s/ Justin D. Kreindel
Justin D. Kreindel, GBN 550128
Attorney for Defendants

Fowler, Hein, Cheatwood & Williams
2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
404-633-5114
jkreindel@apartmentlaw.com