IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KRYSTAL MOORE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:17-CV-01655-ELR |
| | * | |
| CAMDEN PROPERTY TRUST, d/b/a | * | |
| Camden Development, Inc.; CAMDEN | * | |
| VANTAGE, LLC; and FOWLER, HEIN, | * | |
| CHEATWOOD & WILLIAMS, P.A., | * | |
| f/k/a Fowler, Hein Cheatwood, Passiano | * | |
| & Williams, P.A., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**ORDER**

On June 1, 2017, Plaintiff Krystal Moore filed a Second Motion for Preliminary Injunction and Motion for Temporary Restraining Order. [Doc. 6]. Thereafter, the Court expedited briefing on the Motion and set it for a hearing on Wednesday, June 14, 2017. However, after a review of the briefing and relevant case law, the Court finds that a hearing is no longer necessary.

With her Motion, Plaintiff seeks an emergency injunction prohibiting Defendants from proceeding with an allegedly retaliatory eviction. She claims she

will suffer immediate irreparable harm if this Court does not stay a writ of possession issued by a Magistrate Judge in Fulton County.

This Court's jurisdiction to stay enforcement of a state court judgment is limited by the Anti-Injunction Act: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff contends that this matter falls into one such exception, namely that this Court gained jurisdiction over the property in issue by virtue of her complaint.

However, "federal courts in this circuit and elsewhere that have addressed this issue have uniformly held that the Anti-Injunction Act bars a request for a preliminary injunction to enjoin the execution of a state court judgment that authorizes an eviction." Chester v. Bank of America, No. 1:14-cv-00027-JEC-GGB, 2014 WL 12323683, at *3 (N.D. Ga. Mar. 17, 2014) (listing cases); see also Woodland RAM Partners v. Mason, No. 1:16-cv-4749-WSD, 2017 WL 816175, at *2 n.3 (N.D. Ga. Mar. 2, 2017) ("To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so."); Finvest Roxboro, LLC v. Jackson, No. 1:16-cv-0069-WSD-JSA, 2016 WL 8710407 at *2 (N.D. Ga. Jan. 15, 2016)

(denying a motion to enjoin a dispossessory action filed in state court); WRI Property Mgmt., LLC v. Thomas, No. 1:15-cv-1226-WSD, 2015 WL 3650400, at * 2 n.3 (N.D. Ga. June 10, 2015) (finding that the federal district courts cannot enjoin a state court eviction proceeding); Aning v. Fed. Nat'l Mortg. Assoc., No. 1:14-cv-0134-CC, 2014 WL 12115976, at *7 (N.D. Ga. Sept. 25, 2014) (the Anti-Injunction Act "precludes a district court from enjoining a state-ordered eviction"); Paulo v. OneWest Bank, FSB, No. 1:13-cv-3695-WSD, 2014 WL 3557703, at *5 (N.D. Ga. July 18, 2014) (holding that the Magistrate Judge did not err in finding that the Court lacks jurisdiction to overturn a writ of possession issued by state court).[1]

Because the Anti-Injunction Act precludes the Court from issuing the relief sought by Plaintiff, the Court **DENIES** Plaintiff's Second Motion for Preliminary Injunction and Motion for Temporary Restraining Order [Doc. 6] and **CANCELS** the hearing previously scheduled for Wednesday, June 14, 2017.

**SO ORDERED**, this 9th day of June, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] Even if the Court were permitted to issue such relief, the Court would nevertheless deny the motion because Plaintiff has not satisfied her burden of proving a likelihood of success on the merits.