# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KRYSTAL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-01655-ELR |
| CAMDEN PROPERTY TRUST D/B/A | ) | |
| CAMDEN DEVELOPMENT, INC.; | ) | |
| CAMDEN VANTAGE, LLC; and | ) | |
| FOWLER, HEIN, CHEATWOOD & | ) | |
| WILLIAMS, P.A. | ) | |

## DEFENDANTS CAMDEN PROPERTY TRUST D/B/A CAMDEN DEVELOPMENT, INC. AND CAMDEN VANTAGE, LLC'S MOTION TO DISMISS

COME NOW Defendants Camden Property Trust d/b/a Camden Development, Inc., and Camden Vantage, LLC (collectively, "Camden"), and file this Motion to Dismiss Plaintiff's Amended Complaint.[1] Camden states that the Amended Complaint fails to state a claim upon which relief may be granted.

Plaintiff Krystal Moore is currently a tenant at Camden Vantage Apartments whose lease was not renewed and who failed to vacate after the lease terminated. Ms. Moore previously submitted a complaint to the Department of Housing and

---

[1] Plaintiff filed her Original Complaint on May 8, 2017, and she filed her Amended Complaint on May 21, 2017, before any defendants had an opportunity to file an Answer or other defensive pleadings. Plaintiff served only her Amended Complaint on Camden on June 5, 2017 (See ECF No. 10); accordingly, Camden is treating the Original Complaint as abandoned. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)

Urban Development alleging Camden discriminated against her. The parties executed a settlement agreement as to these claims and all others on or around December 15, 2016. Ms. Moore now raises new claims of discrimination that she had released per the settlement agreement and further alleges that Camden retaliated against her by non-renewing her lease agreement. Ms. Moore now seeks to hold Camden liable for violations of the Fair Housing Act (42 U.S.C. § 3604 et seq.); to nullify the lease non-renewal notice; to nullify the prior settlement agreement; to hold Camden liable for abusive litigation under state law, to wit, O.C.G.A. § 51-7-84; to hold Camden liable for trespass under state law; and to hold Camden liable for Intentional Infliction of Emotional Distress. The majority of her claims have been waived by settlement and are barred by *res judicata.* For the reasons set forth in this motion, each of these allegations lacks merit and is subject to dismissal with prejudice.

This motion is based upon the pleadings filed in this in the case, the attached brief in support of Camden's motion, and all exhibits properly attached thereto.

WHEREFORE, Camden respectfully that its motion be GRANTED and for Counts I and IV-XIII be dismissed as to Camden.

Respectfully submitted this 26th day of June, 2017.

**FOWLER, HEIN, CHEATWOOD
& WILLIAMS**


/s/ J. Mike Williams
J. Mike Williams
Attorney for Defendants
State Bar No. 765209

/s/ Justin Kreindel
Justin Kreindel
Attorney for Defendants
State Bar No.  550128

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
Phone: 404-633-5114
Fax: 404-325-9721
mwilliams@apartmentlaw.com
jkreindel@apartmentlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KRYSTAL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-01655-ELR |
| CAMDEN PROPERTY TRUST D/B/A | ) | |
| CAMDEN DEVELOPMENT, INC.; | ) | |
| CAMDEN VANTAGE, LLC; and | ) | |
| FOWLER, HEIN, CHEATWOOD & | ) | |
| WILLIAMS, P.A. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CAMDEN
PROPERTY TRUST D/B/A CAMDEN DEVELOPMENT, INC., AND
CAMDEN VANTAGE, LLC'S MOTION TO DISMISS**

COME NOW Defendants Camden Property Trust d/b/a Camden

Development, Inc., and Camden Vantage, LLC, and file this Memorandum of Law

in Support of their Motion to Dismiss, showing the Court as follows:

**FACTUAL BACKGROUND**

**1.  The Lease Agreement**

Plaintiff Krystal Moore ("Moore") is a current tenant of Camden Vantage

Apartments. *See* Plaintiff's Motion for *Ex Parte* Restraining Order and Request for

Entry of Preliminary Injunction (ECF No. 4) (seeking to enjoin dispossessory

proceedings in state court currently pending). Moore and Camden entered into

lease agreement for the lease of an apartment located at Camden Vantage

Apartments, in Atlanta, Georgia, on or around October 14, 2015. A true and

correct copy of the lease agreement is attached hereto as Exhibit A.[2]  The initial

term of the lease expired on January 8, 2017. *See* Exhibit A, p. 2. However, the

lease also contained an automatic renewal provision, which contained the

following language:

> Term: Subject to the provisions of this Lease, the initial term of this Lease
> shall commence on the Beginning date identified on page 1 and end on the
> Ending date identified on page 1. Provided, however, unless prohibited by
> applicable law, a 60 day written notice is required by either party to
> terminate this Lease at its stated expiration date. To the extent allowed by
> applicable law, if notice of termination is not given at least 60 days prior to
> the stated expiration date, this Lease will automatically renew on a month-
> to-month basis until either party gives at least 30 days prior written notice to
> the other; in which case, this Lease shall terminate 30 days from the date
> indicated in the notice or such later date designated in the notice (whether or
> not the 30th day falls at the end of the month; if the termination date is not at
> the end of the month, Monthly Rent shall be prorated accordingly).

Exhibit A, p. 2, par. 2. As explained below, Camden non-renewed Moore's lease

after it converted to a month-to-month tenancy in accordance with this paragraph.

---

[2] A party may attach exhibits to a motion to dismiss without converting to a motion for summary judgment if the exhibits are referred to in the Plaintiff's complaint, are central or integral to the Plaintiff's claim, and are undisputed. *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1281 (11th Cir. 1999). The lease agreement and other attached documents are referenced in Plaintiff's Amended Complaint (e.g., ECF No. 3, par. 16) and are integral to Plaintiff's claims of retaliatory lease termination and eviction. The Court may also take judicial notice of pleadings filed in other cases before courts of competent jurisdiction.

### 2.  The HUD Complaint and October 2016 Dispossessory Proceeding

On or around November 3, 2016, Moore filed a complaint with the Department of Housing and Urban Development (the "HUD Complaint") alleging that Camden discriminated against her on the basis of race and gender after Camden filed a dispossessory (eviction) action against her in the State Court of Fulton County due to her non-payment of rent for the month of October 2016 (the "October Dispossessory"). Attached as Exhibit B is a true and correct copy of the HUD Complaint. Moore and Camden reached a settlement agreement with respect to the October Dispossessory, in which they agreed upon the amount of rent that would be due to stop the eviction process, and in which they agreed that Moore would withdraw the HUD Complaint and execute a full settlement agreement and release of all claims (the "Agreement"). Attached as Exhibit C is a copy of the Agreement.

Paragraph 4 of the Agreement specifically stated Camden ("Landlord" in the Agreement) would dismiss the pending dispossessory case from October 2016 *"upon execution of this agreement and tender of past due rent."* Exhibit C, par. 4. Moore delivered the disputed rent on December 15, 2016, but failed to execute the Settlement Agreement. Accordingly, Camden refused to dismiss the October

Dispossessory, mailed the disputed rent back to Moore, and obtained a default judgment against her in the October Dispossessory. Moore did not sign the Agreement until December 29, 2016. Attached as Exhibit D is an email exchange between Moore and Camden's legal counsel, Mike Williams, showing Moore was ready to sign the Agreement on December 29, 2016. Moore thereafter filed a Motion to Vacate and Set Aside the Default Judgment in the October Dispossessory, to which Camden did not object, having accepted the disputed rent. A true and correct copy of the Fulton Magistrate Court's Order which vacated the default judgment and permitted Camden to voluntarily dismiss the action, is attached hereto as Exhibit E. Camden did not execute a writ of possession and voluntarily dismissed the October Dispossessory on January 3, 2017, and Moore remained a resident at Camden Vantage Apartments following the dismissal.

### 3.  The Non-Renewal of Moore's Lease Agreement

As part of the Agreement, Camden offered Moore the option to renew her lease with a commencement date of January 9, 2017, and an ending date of May 20, 2018, with a monthly rental rate of $1,389.00. Exhibit C, par. 5. However, despite repeated contact with Ms. Moore, she refused to sign a renewal lease. Accordingly, attorney J. Mike Williams, counsel for Camden, prepared and sent a letter to Moore on March 20, 2017, which advised Moore that Camden does not

permit month-to-month tenancies, and that her lease would therefore not renew and would terminate effective April 30, 2017, in accordance with paragraph 2 of her lease (the "Non-Renewal Notice"). Attached as Exhibit F is a true and correct copy of the Non-Renewal Notice. *However, in that same letter, Mr. Williams expressly informed Moore that she would still be provided the opportunity to remain a tenant at Camden Vantage, provided that she executes a lease renewal within five days of receipt of the letter*:

> …In this regard, a Settlement Agreement was reached between the parties on December 15, 2016, whereby you agreed to execute a lease commencing on January 9, 2017, and ending on May 20, 2018, at the monthly rental rate of $1,389.00. You signed the Settle Agreement yet you have failed to execute the lease agreement and you are currently on a month to month lease. As a result, you have five (5) days from receipt of this notice in which to execute the lease agreement on-line or our client will have no choice but to non-renew and terminate your month to month tenancy. Our client does not allow tenants to continuously reside in the premises on a month to month basis.
>
> If the new lease is not signed, please consider this letter formal notice that your lease agreement is terminated effective Sunday, April 30, 2017, in accordance with paragraph 2 which allows either party to terminate the lease agreement by giving the other party thirty (30) days written notice. Obviously, our client's preference is that you execute the lease agreement which you agreed to do and continue to remain in possession of the premises…

Exhibit F. Moore did not sign a renewal or move out by April 30, 2017. Therefore, Camden filed a new dispossessory action on or around May 9, 2017 (the "May Dispossessory").

Moore filed an answer to the May Dispossessory in which she raised a counterclaim for retaliatory eviction. *See* Exhibit G, which is a true and correct copy of Moore's answer and counterclaim in the May Dispossessory. While not expressly styled as a counterclaim, Moore asserted her claims at trial seeking compensation for the alleged retaliatory eviction, and furthermore, Moore has admitted in subsequent pleadings filed into the May Dispossessory that she did, in fact, assert a counterclaim. *See* paragraph 6 of Exhibit H, which is a true and correct copy of Moore's Motion to Vacate and Set Aside, filed into the May Dispossessory ("Within Defendant's Answer, Defendant presented a counterclaim for damages sustained by Plaintiff's retaliatory eviction in violation of the Fair Housing Act, and request for attorney's fees").  On May 30, 2017, Moore and Camden appeared for trial in the May Dispossessory in the Magistrate Court of Fulton County, Georgia. At the trial, the Magistrate Court Judge entered an order (filed on May 31, 2017) which awarded a writ of possession effective June 17, 2017, and a money judgment for holdover rent in the amount of $2,217.68 principal plus $68.00 court costs. Attached as Exhibit I is a true and correct copy of the Judgment entered on May 31, 2017, in the Magistrate Court of Fulton County. The judge also entered a specific finding regarding the non-renewal of Moore's lease, holding that "[t]he Plaintiff properly non-renewed the lease effective

4/30/17," and the Judgment further denied Moore's counterclaims in their entirety. *See* Exhibit I. This Judgment was not appealed and is therefore final (*see* O.C.G.A. 44-7-56), and therefore it precludes Moore from raising any issues related to or arising out of the non-renewal of Moore's lease and her eviction.

It is clear from the letter and the lease agreement that Moore was provided every opportunity to remain a tenant, but refused to sign a new lease per Camden's policy. Camden did not treat Moore any different from similarly situated residents, as they allow no residents to live at their property as a month to month tenant. Moreover, Camden properly non-renewed Moore's lease as held by the Magistrate Court of Fulton County.

### 4.  The Fair Housing Complaint

Moore filed her Fair Housing Complaint on November 3, 2016. *See* Exhibit J, which is a true and correct copy of the Fair Housing Complaint. Following the execution of the Agreement, Moore agreed to withdraw her complaint pursuant to paragraph 2 of the Agreement. Exhibit C, par. 2 ("Complainant agrees with the execution of this agreement to submit a notice of withdrawal (within five (5) days of the execution of this Agreement) of the Fair Housing Complaint with the investigator at HUD."). The Agreement further contained a full release of all claims which arose out of related to Moore's tenancy with Camden, including

10

those arising under federal, state, or fair housing laws. Exhibit C, par. 1. The majority of Moore's claims in this lawsuit involve facts and circumstances which occurred prior to the execution of the Agreement.

## ARGUMENT AND CITATION TO AUTHORITY

### I.    Standard on Motion to Dismiss

#### A. Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* further held that the Court need not accept legal conclusions, and went on to state that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to

relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

While ordinarily the Court is limited to the allegations of the complaint and cannot consider matters outside of the pleadings, "…where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Here, Moore refers to her lease, the Fair Housing Complaint, the Settlement Agreement, the dispossessory action, and her non-renewal notice, all of which are attached hereto and central to the claims asserted.

**II.   Count I of the Amended Complaint Should Be Dismissed Because Moore's Complaint Is Not Sufficiently Plead, Because She Has Not Shown Any Violations of the Fair Housing Act Occurred, Because She Is Precluded From Raising Claims Due to *Res Judicata*, and Because She Released Claims Arising Prior to December 29, 2016**

Section 818 of the Fair Housing Act, 42 U.S.C. § 3617, provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Section 3604 prohibits, among others, discrimination on the

basis of race and familial status in the rental of housing. 41 U.S.C. § 3604.

Moore alleges that she was discriminated against by Camden on the basis of race and familial status on the following bases: 1) Camden's imposition of "unwarranted fees, excessive penalties, and being wrongfully blocked from the online resident portal" beginning approximately one month after Moore moved into her apartment in October 2015 (Am. Compl., par. 16-29); and 2) Camden's issuing a letter on November 30, 2016, to some – but not all – residents advising that partial payments of rent would no longer be accepted, and the targeting of minority residents and residents with minor children with this policy change (Am. Compl., par. 30-37).

First, Count I of the Complaint is not sufficiently plead. The allegations of count I engage in "shotgun pleading". "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Plaintiff's Amended Complaint is more egregious because not even the first Count points to specific allegations but rather relies on numerous irrelevant facts and allegations.

More importantly, however, the majority of Moore's allegations were released by her execution of the Agreement in December 2016. Paragraph 1 of the Agreement stated in full:

> Complainant [Moore] does hereby irrevocably and unconditionally release and discharge forever Camden Summit Partnership L.P. d/b/a Camden Vantage Apartments and all named Respondents to the Fair Housing Complaint, together with the owners, management company, all employees, agents and successors from any and all actions or causes of action, suits, proceedings whether civil (administrative or others), debts, employment claims, sums of money, accounts, contracts, controversies, promises, damages, judgments, executions, liabilities, claims, demands, costs or expenses of any kind or nature whatsoever, whether at law or in equity, or both, whether known or unknown, fixed, liquidated or contingent, direct or derivative, which they had, now have, or may in the future claim to have, **by reason of any act, matter, thing or cause whatsoever on or prior to the date of this Agreement, including but not limited to any such claims arising out of or relating to the Residents' tenancy with the landlord, and pursuant to any federal, state, or fair housing laws,** including but not limited to, O.C.G.A. § 8-3-200 et. Seq., and the Federal Fair Housing Act as amended under 42 U.S.C. § 3602 et seq., and for any and all claims under statutory, contract or tort law, gender discrimination, race discrimination, disability discrimination, familial status discrimination, emotional stress, mental anguish, negligence, personal injury claims, repair claims, and any claim arising from or related to in any manner to the landlord/tenant relationship.

Ex. C, par. 1 (emphasis added). Thus, Moore expressly released all claims arising prior to December 29, 2016, when she signed the Agreement. This includes all claims referenced above, to wit, her claims that Camden imposed excessive and unwarranted fees and that Camden discriminated against her and other residents by instituting a new policy regarding partial payments in a discriminatory manner.

Moore's claims for discrimination occurring after December 29, 2016, are also barred by *res judicata*, as these claims arise out of Camden's non-renewal of Moore's lease. "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (11th Cir. 2010) (internal citations omitted). Under state law,

> a judgment on the merits is conclusive as to all matters that were or could have been put into controversy between identical parties or their privies in another cause of action. *Res judicata* requires three elements: adjudication by a court of competent jurisdiction in the first action; identity of parties and subject matter in both actions; and the party against whom res judicata is raised must have had a full and fair opportunity to litigate in the first action.

*Sanders v. Trinity Universal Ins. Co.*, 285 Ga. App. 705, 707, 647 S.E.2d 388, 391 (2007). . "Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property." *Roberts v. Hill*, 81 Ga. App. 185, 186,  (1950).

Here, all elements are met. The Magistrate Court adjudicated Moore's claims for retaliation under the Fair Housing Act, the parties and privies are the same, and there was a full trial on the merits in which Moore's claims were denied.

*See* Exhibits G through I. Accordingly, she cannot raise any claims arising out of the non-renewal.

Even in the absence of the Agreement and the state court judgment, Moore's claims must fail because she does not allege sufficient facts to establish that she is a member of a protected class. Moore merely recites a conclusory allegation she "…belongs to a class of person whom the Fair Housing Act…as amended, protects from unlawful discrimination because of race and familial status." Am. Compl., par. 15. Nowhere in her Amended Complaint does Moore allege facts she how or why she belongs to either protected class. She does not allege what her race or familial status actually is.

Moore also fails to allege sufficient facts to support her allegations that the conduct described was discriminatory, again relying on bare conclusory allegations that she was treated differently on account of race and familial status.

Accordingly, Count I against Camden is subject to dismissal.

**III.    Moore's Request For Declaratory Judgment in Count IV of the Amended Complaint Must Be Denied Because the Magistrate Court of Fulton County Held That the Non-Renewal was Proper, and Because Camden Provided Moore With the Opportunity to Sign a Renewal Lease, but Moore Refused to Do So.**

Count IV of Moore's Amended Complaint seeks a declaratory judgment on several issues pertaining to her lease agreement and the non-renewal of same (Am.

Compl., par. 89(a)-(e)) and Camden's allegedly retaliatory conduct in non-renewing the lease (Am. Compl., par. 89(f)-(l)). However, Moore is not entitled to declaratory relief because of the issue of whether the non-renewal was proper is precluded by the Magistrate Court of Fulton County's May 31, 2017, judgment. Moreover, the non-renewal notice sent to Moore clearly provided her with the ability to renew her lease as provided for in the Agreement and thus was not discriminatory or retaliatory in any way on its face.

The Eleventh Circuit has interpreted Georgia Law with respect to issue preclusion as follows:

> A party seeking to assert collateral estoppel under Georgia law must demonstrate that (1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction.

*Cmty. State Bank v. Strong*, 651 F.3d 1241, 1264 (11th Cir.2011). Here, the Magistrate Court of Fulton County held a trial based upon the non-renewal of Moore's lease and her holding over in the premises beyond the term. The Magistrate Court ruled in Camden's favor and expressly held that the non-renewal was proper, and the court issued a writ of possession to Camden. *See* Exhibit I. Accordingly, the declaratory judgment sought by Moore in paragraph 89(a) through (e) is subject to dismissal since the Magistrate Court has already ruled that the non-renewal was proper. She cannot re-litigate this issue here.

With regard to the declaratory relief sought in paragraph 89(e) through (l) of the Amended Complaint, it is clear from the exhibits attached to this motion that Camden's actions were not discriminatory or retaliatory in nature in any manner. The Agreement (Ex. C) clearly stated that Moore would be offered a renewal lease. The Non-Renewal Notice expressly provided Moore with a final opportunity to execute a renewal lease as contemplated by the Agreement. There was no retaliatory conduct as alleged, because Camden was fully willing to renew her lease as agreed. The lack of discriminatory intent or effect is apparent on the face of the non-renewal notice. It was Moore's failure to execute a renewal lease that resulted in the non-renewal. It strains logic to believe that Camden acted with discriminatory intent when they offered Moore the ability to do the very thing (renew her lease) which she claims Camden refused and that the refusal was retaliatory.

**IV.    Moore's Request for Declaratory Relief in Count V of the Amended Complaint, Seeking to Declare Prior Agreements Unenforceable, Must Be Dismissed as She Fails to Plead Sufficient Facts to Support Any Allegations**

In Count V, Moore seeks a declaratory judgment that the parties are not bound by any agreements signed by the parties. In support of this count, Moore alleges the existence of two agreements, and argues that the first is superseded by the second, and the second is unenforceable because it is "…void, as against public

policy, and/or voidable, as procured by duress, mistake, fraud, and/or misrepresentation…" (Am. Compl., par. 91(a)(ii)), and because "there was no intent to enter into a subsequent agreement, or a meeting of the minds, as the same was not entered into knowingly, voluntarily, and freely" (Am. Compl., para. 91(b)(ii).

Camden contends that only one agreement exists (that which is attached hereto as Exhibit C, and Camden assumes this is what Moore refers to as the "second agreement"). First, Moore has not sufficiently pled sufficient facts to show the Agreement was procured by fraud, duress, mistake or misrepresentation, nor has she shown that is void against public policy. Both the factual allegations and Count V itself merely recite that it was procured by fraud or duress without any factual allegations to support same.

"Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." *Russell v. McCarty*, 45 Ga. 197, 198 (1872). "The threats must be sufficient to overcome the mind and will of a person of ordinary firmness." *King v. Lewis*, 188 Ga. 594, 597 (1939). In the October Dispossessory, Moore filed an Emergency Motion to Set Aside the Default Judgment the day after it entered, and the Magistrate Court

shortly thereafter denied Camden's application for a writ of possession. *See* Denial of Application of Writ of Possession, attached hereto as Exhibit J. Accordingly, there was no imminent threat of dispossession. Nevertheless, Moore fails to allege any facts to support this allegation, instead resting on mere conclusory statements to argue that it was procured by fraud or duress or that there was no meeting of the minds. It is also clear from the email exchange (Exhibit  D) that Moore signed the Agreement freely and voluntarily.

Finally, Moore seeks declaratory relief, seeking to declare that Camden violated the Fair Housing Act by non-renewing her lease. However, for the reasons set forth above in section II (which are hereby incorporated into this Section IV by reference), this claim must be dismissed as well.

**V.    Moore's Claims for Abusive Litigation in Count VI of the Amended Complaint Must be Dismissed Because Camden Prevailed on the Underlying Claims or Because Moore Failed to Allege Sufficient Facts to Support Such Allegations and Because Camden Prevailed in the Underlying Lawsuits**

In Count V of the Amended Complaint, Moore alleges that Camden engaged in abusive litigation with regard to three dispossessory actions brought in State Court by Camden against Moore.

The first action was filed on May 9, 2016. A true and correct copy of this dispossessory warrant is attached hereto as Exhibit K. This matter completed when

both parties signed a Consent Agreement on May 31, 2016, a copy of which is

attached hereto as Exhibit L. In the Consent Agreement, the parties agreed that all

issues are finally resolved. Moore consented to this outcome, which precludes any

claim for abusive litigation. *Kluge v. Renn,* 226 Ga. App. 898, 899 (1997).

      The second action was filed in October 2016, and originally resulted in a

default judgment being entered. A true and correct copy of the October 2016

Dispossessory Warrant is attached hereto as Exhibit J. It was filed October 10,

2016. Moore states that Camden wrongfully rejected her rent for October 2016

after Camden learned of the existence of a Fair Housing Complaint, but again, this

allegation lacks credible factual background, and in fact is directly contradicted by

the Fair Housing Complaint, which shows on its face that it was filed on November

3, 2016. *See* Exhibit B. Moore alleges no other facts apart from the false allegation

that she had filed a Fair Housing Complaint prior to October 10, 2016, and this

resulted in the wrongful refusal of her rent. Moore also does not allege when she

sent the required notice pursuant to O.C.G.A. 51-7-84, making it impossible for

this Court to determine whether Camden dismissed it in 30 days as required by

state law (pretermitting the issue of whether Camden had cause to file the action in

the first place). In fact, Camden dismissed its claims on January 3, 2017, and did

not object to the setting aside of the Default Judgment thereafter. A true and correct copy of the dismissal is attached hereto as Exhibit M.

Finally, with respect to the May 2017 dispossessory, Camden has prevailed in that action, as evidenced by Exhibit I. "It shall be a complete defense to any claim for abusive litigation that the person against whom a claim of abusive litigation is asserted was substantially successful on the issue forming the basis for the claim of abusive litigation in the underlying civil proceeding." O.C.G.A. 51-7-82(c). Accordingly, any claim for abusive litigation on account of the May 2017 dispossessory must be dismissed.

## VI. Count VII of Moore's Amended Complaint Must Be Dismissed Because She Released All Claims Arising Prior to the Execution of the Settlement Agreement

Moore alleges that two trespasses occurred in her apartment in January 2016 and May 2016 when a Camden employee allegedly entered her apartment without justification and refused to leave. However, these claims were expressly released when Moore executed the Agreement, which released Camden and all others from any and all claims arising prior to the execution of the Agreement, as discussed *infra* in Section II. Her execution of the Agreement requires Count VII to be dismissed.

**VII.  Count VIII of Moore's Amended Complaint for Intentional Infliction of Emotional Distress Must Fail Because She Has Not Made Out a Prima Facie Case and Because She Released All Claims Arising Prior to the Execution of the Settlement Agreement**

Count VIII of the Amended Complaint alleges that Camden intentionally inflicted emotional distress upon Moore due to the following acts: 1) retaliation against Moore for exercising her right to free speech; 2) continually telling Moore to move because of her race and familial status; 3) filing dispossessory actions; 4) failing to renew Moore's lease; 5) requiring Moore to move with less than thirty days notice during the holiday season; 6) not providing Moore with the requisite notice regarding her lease non-renewal; 7) inducing Moore's nonappearance causing a default to be entered at the December 15, 2016, dispossessory hearing; 8) by seeking a writ of possession of Moore's apartment; and 9) by sending over $4,500 of Plaintiff's funds through regular mail during the holiday season. *Amended Complaint*, p. 23, par. 111. None of these actions rises to the level of intentional infliction of emotion distress, and many were waived by Moore's execution of the Agreement.

Georgia law recognizes the tort of intentional infliction of emotional distress:

> The burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one, however. Four elements must be present to support

a claim of intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress must be severe.

*Metropolitan Atlanta Rapid Transit Authority v. Mosley,* 280 Ga. App. 486, 490-91 (2006). "Liability for intentional infliction of emotional distress has been found ... only when a defendant's conduct is so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 491. Here, the burden on Moore to establish extreme and outrageous behavior is a high one. For instance, in *American Finance & Loan Corp. v. Coots,* 105 Ga. App. 849 (1962), an employee of one of the plaintiff's creditors showed up at plaintiff's home and demanded that plaintiff return to the lender's office; when the plaintiff refused, the employee left and then returned, pointing a gun directly at the plaintiff and demanding that he go back to the office with the employee. *Id* at 850-51. This conduct was found sufficient to state a claim for intentional infliction of emotional distress. *Id.* Similarly, in *Stephens v. Waits,* 53 Ga. App. 44, 44 (1936), the defendant physically intimidated family members at a relative's burial and memorial service.

Here, Camden's alleged actions, even if accepted as true, do not rise to the level of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress. Accordingly, they are subject to dismissal.

## **CONCLUSION**

For the foregoing reasons, Camden respectfully requests that the Court inquire into the within Motion to Dismiss and GRANT it for failure to state a claim.

This 26th day of June, 2017.

**FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A.**

/s/ J. Mike Williams
J. Mike Williams
Attorney for Defendants
State Bar No. 765209

/s/ Justin Kreindel
Justin Kreindel
Attorney for Defendants
State Bar No.  550128

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
Phone: 404-633-5114
Fax: 404-325-9721
mwilliams@apartmentlaw.com
jkreindel@apartmentlaw.com

## <u>LOCAL RULE 7.1 (D) CERTIFICATION</u>

The undersigned counsel for Defendants hereby certifies that the foregoing has been prepared in accordance with one of the font (Times Roman) and point selections (14 pt) approved by the Court in Local 5.1(B) and (C).

This 26th day of June, 2017.

**FOWLER, HEIN, CHEATWOOD**
**& WILLIAMS, P.A.**

<u>/s/ Justin D. Kreindel</u>
Justin D. Kreindel
Georgia Bar No. 550128

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KRYSTAL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-01655-ELR |
| CAMDEN PROPERTY TRUST D/B/A | ) | |
| CAMDEN DEVELOPMENT, INC.; | ) | |
| CAMDEN VANTAGE, LLC; and | ) | |
| FOWLER, HEIN, CHEATWOOD & | ) | |
| WILLIAMS, P.A. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Krystal M. Moore
krystal@attymoore.com

This 26th day of June, 2017.

/s/ Justin D. Kreindel
Justin D. Kreindel, GBN 550128
Attorney for Defendants

Fowler, Hein, Cheatwood & Williams
2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
404-633-5114
jkreindel@apartmentlaw.com